UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ROBERT IANNUCCI and SONIA EWERS,                            :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
                                     Plaintiffs,            :
                                                            :   15 Civ. 1964 (BMC)
          - against -                                       :
                                                            :
RE/MAX ANTIGUA LTD. and RON                                 :
CHAPMAN,                                                    :
                                                            :
                                     Defendants.            :
----------------------------------------------------------- X

**COGAN**, District Judge.

This case arises out of an Antiguan real estate transaction. Plaintiffs allege that the foreign defendants fraudulently converted part of the funds from the transaction rather than using the funds as the parties had agreed. Plaintiffs' theory for asserting personal jurisdiction over defendants is that plaintiffs transacted business with defendants in New York. Yet plaintiffs have produced no admissible evidence at all that they interacted with defendants in any way in New York. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction is granted.[1]

### BACKGROUND

Plaintiffs originally filed this case in state court, from which defendants removed it on the basis of diversity jurisdiction. According to the pleadings, plaintiffs are New York citizens. Defendant RE/MAX Antigua Ltd. is an Antiguan real estate company. Defendant Ron

---

[1] Since I am dismissing the amended complaint for lack of personal jurisdiction, I do not reach defendants' alternative arguments of improper service and *forum non conveniens*.

Chapman, its principal, is a citizen of Antigua. Plaintiffs contend that both defendants conduct business in New York.[2]

Plaintiffs' pleadings and affidavit allege that defendants acted as plaintiffs' agent in Antigua and assisted them in their real estate investments. Plaintiffs signed a purchase contract in 2007 for two pairs of lots. Plaintiffs wired $100,000 to defendants in May 2007 to be held in trust as contract deposits. Roughly a month later, plaintiffs wired an additional $50,000 to defendants to cover the agreed upon brokers' fee. Defendants allegedly paid themselves $95,000 as a broker's fee, which was $45,000 higher than the agreed upon amount. Additionally, $55,000 in plaintiffs' funds are unaccounted for and have simply gone missing.

With regard to asserting personal jurisdiction over these Antiguan defendants, plaintiffs' proof appears intentionally vague. It is primarily based on defendants' maintenance of an interactive website. Plaintiff Iannucci avers that he "visited and utilized the functions of the Defendants' website in contemplation of investing monies into properties in Antigua." Iannucci never explains, however, how he "utilized" this website. Defendants, in contrast, have offered evidence that during the relevant time period, their website was not interactive, and simply permitted the viewing of information about defendants' services. Defendants' evidence shows that their website did not become interactive until after the relevant events.

**DISCUSSION**

When opposing a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158 (2d Cir. 2005). If a court opts to determine the jurisdictional issue without an evidentiary hearing or discovery, a plaintiff need

---

[2] Plaintiffs initially brought suit against a number of other defendants, RE/MAX, LLC, RE/MAX International Inc., RE/MAX Caribbean Island, LLC, and RE/MAX Central America Inc., all of which are based in the United States. Those defendants have settled.

"make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Brady v. Basic Research, LLC, 101 F. Supp. 3d 217, 229 (E.D.N.Y. 2015) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). In ruling on the motion, a district court may consider supporting affidavits in addition to the pleadings. See Marine Midland, 664 F.2d 899. Further, "where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993). However, courts are not required to accept incomplete or conclusory statements couched as factual allegations. See Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998).

"In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits . . . ." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). If a court determines that it has personal jurisdiction under state law, it then must consider whether asserting jurisdiction under that provision would be compatible with the requirements of due process. See Int'l Shoe Co. V. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945).

Plaintiffs argue that their complaint and affidavit accompanying their opposition motion provide the necessary *prima facie* showing of personal jurisdiction. At the very least, plaintiffs urge the Court to allow jurisdictional discovery before determining whether personal jurisdiction exists.

Plaintiffs rely exclusively on section 302(a)(1) of New York's long arm statute.[3] See N.Y. C.P.L.R. § 302(a)(1). Specifically, section 302(a)(1) permits a court to exercise jurisdiction over a person or entity that "in person or through an agent . . . transacts business within the state or contracts anywhere to supply goods and services in the state." N.Y. C.P.L.R. § 302(a)(1). Under this section of the C.P.L.R., a court must decide whether the defendant transacts any business in New York and, if so, whether the claim arises from that business. Best Van Lines, Inc. v. Walker, 409 F.3d 239 (2d Cir. 2007). "The New York Court of Appeals has explained that the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities in New York." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 61 (2d Cir. 2012) (internal citations omitted). The claim will be "deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Id. at 66.

Plaintiffs' primary argument is that defendant RE/MAX Antigua transacted business in the state via its website which solicited business in New York. To determine whether a website constitutes "transacting business" for purposes of personal jurisdiction, courts look to the level of interactivity and commercial nature of the exchange of information that occurs on a website. See A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557 (E.D.N.Y. 2011) (citing Chole v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010)). Websites can range between being "interactive" in a manner that permits the exchange of information and the transaction of business, as contrasted with websites that are passive and do little more than provide information to consumers. Id. For example, a website may allow the purchase of the

---

[3] Plaintiffs also cite to section 302(a)(3) of New York's long arm statute, but do not address how it applies here. Having failed to advance any argument under that provision, plaintiffs have waived its application. See First Capital Asset Mgmt., Inc. v. Brickellbush, Inc., 218 F. Supp. 2d 369 (S.D.N.Y. 2002).

4

offered product or service directly from the website, or it may, at least, permit the New York user to engage in an on-line "chat" with the foreign seller. That may be considered an "interactive" website by which the seller is deemed to have digitally "reached into" New York and thereby transacted business. However, a website that only provides information about the seller, without any ability to directly purchase the services through the website, leaving it to the New York consumer to reach out to the seller off-line, is considered to be passive. See Zbiz Corp. v. FCN Tech. Solutions, 777 F. Supp. 2d 408 (E.D.N.Y. 2011).

Plaintiff Iannucci's affidavit certainly describes an interactive website. According to that affidavit, the website can be used to book Antiguan rental villas, rent a car, and submit questions and inquiries regarding specific properties. The problem for plaintiffs, however, is that they have adduced no evidence that they ever utilized any of these functions in connection with the transaction at issue. They do not say that they booked an Antiguan rental villa, or rented a car, or submitted questions and inquiries regarding specific properties through the website. They do not point to a single function on this website that they utilized. Instead, they offer the conclusory statement that they "visited and utilized the functions" in some unspecified way.

This is not a matter on which discovery is required. Plaintiffs are the purported users of the website. They know exactly what they did. The fact that they have chosen to remain vague compels the conclusion that they didn't do anything but look at it. Merely viewing the website and obtaining information from it – for example, clicking from hyperlinked property to property – would be completely consistent with the vague statement of "visiting and utiliz[ing]" the functions of the website. And yet that would not be sufficient to confer personal jurisdiction over defendants.

The reason that plaintiffs have chosen to be vague is thoroughly and convincingly explained in defendants' motion papers. The fact is that, although defendants currently maintain an interactive website, it is a relatively new business tool for them. It was only added in 2013, after the events giving rise to this action. (Defendants also have shown, even beyond that, that the interactive features pertain to an affiliated company, not them.) Thus, the parties' versions of the facts can be easily reconciled: plaintiffs looked at defendants' website in connection with their transaction of business with defendants, but they did not use any interactive features in connection with that transaction, because at the time they looked at the website, there were none. Nothing that plaintiffs have submitted is inconsistent with that state of facts.

In order to proceed over a personal jurisdiction objection, plaintiffs had to at least allege a *prima facie* case. That can be based on the pleadings as well as affidavits, but it still has to be based on facts that can be proved evidentiarily, not conclusions. It is not admissible evidence to offer a vague conclusion, particularly when the specifics are known to the witness. That is not a *prima facie* case. See Best Van Lines, 490 F.3d 239 (citing Jazini, 148 F.3d 181).

Plaintiffs' other arguments are even less persuasive. First, they assert that there is personal jurisdiction because RE/MAX Caribbean and Central America ("RE/MAX Caribbean") have signed a franchise agreement with Ron Chapman on behalf of RE/MAX Antigua, and the franchise agreement contains a provision subjecting RE/MAX Antigua to United States law and Colorado jurisdiction for suits arising out of the franchise agreement. I cannot see what that has to do with this case. Plaintiffs are strangers to that agreement, and the law is clear that even franchisees are not subject to jurisdiction when a lawsuit arises out of conduct not covered by the franchise agreement. Cf. Rescuecom Corporation v. Hyams, 477 F. Supp. 2d 522 (N.D.N.Y. 2006) (finding no personal jurisdiction existed over former franchisee for conduct that did not

arise out the franchise agreement).  Even if this were not the rule, RE/MAX Caribbean was a Colorado corporation.  It is not a New York corporation, and RE/MAX Antigua has not agreed to subject itself to jurisdiction in New York.  The agreement has no bearing on this case.

Finally, plaintiffs argue that defendant Ron Chapman should be subject to personal jurisdiction for two reasons.  First, plaintiffs contend that as President of RE/MAX Antigua, he has sufficient control of the company so that the jurisdiction over the company should be imputed to him.  Since I have rejected jurisdiction over the company, that argument fails.  Second, Iannucci's affidavit alleges that he had discussed with Chapman having a meeting in New York, and that in fact Chapman had called plaintiff, saying that he (Chapman) was in New York, but that he did not have time to meet with plaintiff.  Since there is no dispute that the meeting did not occur, there is no transaction of business which could subject Chapman to personal jurisdiction.

Plaintiffs have failed to demonstrate a *prima facie* case of personal jurisdiction under section 302(a)(1).  This obviates an inquiry into whether exercising jurisdiction would violate defendants' Due Process rights.  See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001).

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint for lack of personal jurisdiction.

**SO ORDERED.**

                                                            U.S.D.J.

Dated: Brooklyn, New York
        January 16, 2016